(86 App. Div. 481.)

### VALENTINE v. STEVENS.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. REFERENCE—PROCEEDINGS—CONSOLIDATION—POWERS OF REFEREE—ESTOPPEL.

In consideration of the release of a lis pendens which plaintiff held as security for fees claimed to be due him in a partition proceeding, it was ordered that if the parties failed to agree as to the compensation it should be referred to a certain referee, to "take proof and report the same to the court, with opinion as to what amount of costs, allowances, and fees should be 'awarded." Thereafter, and before the referee had taken any proof, an action was brought by plaintiff to recover such fees, which after issue joined was referred, by consent, to the referee named in the previous order, "to hear and determine the same." On the trial before the referee a stipulation was made that the previous proceeding should be merged in the action brought, and that the issues therein should be deemed a part of such action, the determination of which should determine the issues in that proceeding. Held, that by such stipulation defendant was estopped to claim that the referee had no authority to determine the issues presented in the previous proceeding, but was only authorized to report the facts, with his opinion, for the action of the court.

Appeal from Special Term.

Action by Benjamin E. Valentine against C. Amory Stevens, as trustee, etc. From an order vacating a judgment entered on a referee's report, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

B. E. Valentine, in pro. per.
George D. Beattys, for respondent.

WOODWARD, J. The defendant executed a contract for the sale of certain real property in the city of New York, to which he held the record title as trustee. A search of the title by the purchaser disclosed an uncanceled lis pendens filed in the year 1887 in the partition action of Wood v. Simonson, in which the plaintiff in this action was attorney of record for the plaintiff. The plaintiff claimed a lien on that cause of action as security for an amount alleged to be due him as compensation for services rendered as attorney, and the action was still pending on February 15, 1902. On that day, to enable the defendant to convey a clear title under his contract, an order was entered, with the plaintiff's consent, discontinuing the partition action,

and directing the clerk to cancel the lis pendens. In consideration of the plaintiff's consenting to the discontinuance of that action, a written agreement was entered into between the plaintiff and the defendant and certain other parties in interest, whereby it was agreed that a fund sufficient to cover all claims of the plaintiff against the owners of the property should be deposited with a trust company, and that whatever lien the plaintiff might have on the cause of action so discontinued should attach with equal force to the fund. The order of discontinuance contained this provision:

"And it is ordered that in case the parties to this action fail to agree upon the amount of said compensation within 20 days after the entry of this order, it be, and hereby is, referred to Augustus C. Brown, counsellor at law, who is hereby appointed sole referee to take proof and report the same to the court, with his opinion thereon as to what amount of costs, allowance, and fees as attorney and counsel said plaintiff's attorney should be awarded."

Subsequently, and before the referee had taken any proof in the matter, this action was brought. The complaint sets forth as one cause of action the facts of the plaintiff's claim for compensation in the partition action, and, separately, facts alleged to constitute causes of action for other services. The issues joined were referred, by consent, to the referee named in the order discontinuing the partition action, "to hear and determine the same." Upon the trial before the referee, the following stipulation was made between the parties and entered in the minutes:

"A proceeding having been heretofore taken in the case of Carrie M. Wood against Alfred Simonson and others, for the ascertainment of the value of the services of Mr. Benjamin E. Valentine, and such matter having been referred to the present referee, said proceedings having been taken prior to the commencement of the present action of Benjamin E. Valentine against C. Amory Stevens as trustee, it is stipulated in open court that the first proceeding be merged in the present action, and that the issues in that proceeding be deemed a part of the issues in this action, the determination of which shall determine the issues in that proceeding. and that the determination of this matter shall be deemed res adjudicata as to the previous proceeding."

The referee found that the plaintiff was entitled to recover, and to be paid out of the fund deposited for that purpose, the sum of $540 for services rendered in the partition action; and the report directed judgment to be entered in the plaintiff's favor for that amount, with interest and costs. As to the other causes of action alleged in the complaint, the referee's decision was adverse to the plaintiff.

An order was subsequently made, on motion of the defendant at Special Term, vacating the judgment entered on this report, and directing that the report—

"Be recommitted to said referee, and said referee is hereby directed to separate said report into two parts or reports, and to make and deliver one report in the action herein, pursuant to the order of reference to hear and determine all issues involved, and to make and deliver the other report in compliance with the terms of the order of reference made by Mr. Justice Beach on the 15th day of February, 1902, in the partition action wherein Carrie M. Wood is plaintiff and Alfred L. Simonson and others are defendants, directing said referee to take proof and report the same to the court, with his opinion, as provided for in said order."

From this order the plaintiff appeals.

In granting this order, the learned court at Special Term evidently proceeded on the theory that the powers of the referee in the premises were limited by the order of February 15, 1902, discontinuing the partition action and directing the canceling of the lis pendens; that, as to the claim of the plaintiff for compensation for services rendered in the partition action, the referee had authority only to "take proof and report the same to the court, with his opinion thereon," and not to "hear and determine." We believe this view of the matter was erroneous, and that the order should be reversed, and the defendant remitted to his right of appeal from the judgment entered on the referee's report. The correctness of this conclusion seems too obvious to require extended comment.

The agreement, pursuant to which the order discontinuing the partition action was entered, plainly contemplated an action to determine the amount due the plaintiff for services rendered in such action. This action was promptly brought for that purpose, and an order of reference "to hear and determine" all the issues joined was entered by consent. As if for the very purpose of forestalling the contention here made by the defendant, a stipulation was made at the trial, and entered in the minutes, expressing in unmistakable terms the agreement of the parties that the issue involving the plaintiff's claim in the partition action should be determined by the referee with precisely the same degree of finality as the other issues. If it could be conceded that any doubt remained on the subject after the entry of the order of reference "to hear and determine," the stipulation makes the intention of the parties clear beyond reasonable controversy. The language is explicit. The defendant deliberately waived his rights under the first order of reference. He cannot, after a decision adverse to him, repudiate his stipulation, and claim the benefit of whichever of two inconsistent orders he may deem most to his advantage. Having answered the complaint in this action, consented to a reference to "hear and determine" all the issues raised by the pleadings, made a stipulation on the record that the second order of reference should supersede the first—for such was its effect—the only proper recourse of the defendant, if he deemed himself aggrieved, was to appeal from the judgment entered on the referee's report. By following the practice prescribed in section 1022 of the Code of Civil Procedure, the defendant's rights could be fully preserved; and this court could then review the merits of the controversy, to which so much attention is given in the briefs submitted on this appeal.

The order should be reversed.

Order reversed, with $10 costs and disbursements. All concur.