shall forthwith cause the assessment to be made on the proper books or rolls, and within five days thereafter shall cause written notice of the new assessment to be mailed," etc. "The person so notified may apply for correction on or before May 20th. * * *" What a significant bearing this action has on this question. Upon a notice from a citizen that his name appears as subject to a tax on the books of a wrong borough the commissioners must forthwith cancel said assessment—not transfer it to proper books, as might readily be provided if it was a mere irregularity of procedure—but cancel it, and "cause a new assessment to be made on the proper books." It compels written notice of the new assessment to be forwarded to the party affected, and then extends his time to have same revised, canceled, etc., from March 31st to May 20th. What is that significant of? What else does it mean but that the first tax levied was absolutely void, and why? Because it was not levied in the district where the party sought to be charged resided.

Motion denied, with costs. Settle order on notice.

E. C. Kindleberger, for appellants.

H. B. Culver, for respondent.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of the court below.

---

(109 App. Div. 284.)

VALENTINE v. STEVENS.

(Supreme Court, Appellate Division, Second Department. November 29, 1905.)

1. DISMISSAL—DISCONTINUANCE BY AGREEMENT OF PARTIES—NECESSITY FOR FORMAL ORDER.

Where an action is discontinued by agreement of the parties, a formal order of discontinuance is unnecessary.

2. SAME—CONSTRUCTION.

Plaintiff claimed a lien on certain property for his services as attorney in a partition action involving the same. In order to effect a sale and to remove the objections of the purchaser, founded on the lis pendens in such action, an agreement was made between plaintiff and the trustee and cestuis que trustent of the property, providing that out of the purchase price plaintiff was to be first paid "all costs, allowances, and compensation" which might be awarded him in the partition action, or in any action by him against the trustee to determine the amount thereof, and that nothing in the agreement should be considered as an admission by the trustee and cestuis que trustent as to the validity or amount of plaintiff's claims. Thereafter an order of discontinuance was granted, without prejudice to any of plaintiff's claims "for costs, allowance, and compensation for services in respect to the subject-matter, for the determination of which matters alone jurisdiction of this action is to be further retained by the court, with like effect as if a judgment had been this day entered, instead of a discontinuance"; a referee being appointed to take proof and report as to what amount as costs. allowance, and fees plaintiff should be awarded. It appeared that no costs or allowances were to be collected by either party as against the other. By stipulation the proceeding was merged in an action by plaintiff against defendant as trustee to recover on his claims. *Held*, that plaintiff was not entitled to taxable costs and an allowance in the partition suit, but only to compensation for his services therein.

Appeal from Special Term, Nassau County.

Action by Benjamin E. Valentine against C. Amory Stevens, as trustee, etc. From that part of the judgment awarding plaintiff the sum of $540, defendant appeals. Reversed, so far as appealed from.

See 83 N. Y. Supp. 775.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS,. RICH, and MILLER, JJ.

George D. Beattys, for appellant.

B. E. Valentine, pro se.

JENKS, J. The defendant, as trustee, contracted to sell realty. The search by the purchaser disclosed a lis pendens filed in 1887 in an action for partition. This plaintiff was the attorney of record for the plaintiff in the partition action. No order of discontinuance had ever been entered. When the plaintiff was approached on the subject of removing the objections of the purchaser, he asserted certain equitable claims against the premises, founded upon services in various litigations. As the result of negotiation an agreement was executed on February 8, 1902, between the plaintiff, the trustee, and the cestuis que trustent, to the end that the objections of the purchaser might be obviated, the realty be conveyed, and the plaintiff remitted to a fund derived from the purchase price to be deposited in a trust company to the credit of an action between the plaintiff and the trustee. Thereafter an order of discontinuance was entered and a reference ordered upon the claims of the plaintiff. Subsequently the proceedings were stipulated into this action, which was tried before a referee, who gave judgment for the defendant, save in one respect. The plaintiff claimed $1,000 compensation for his legal services in the partition action. The referee decided that the claim was embraced in a certain. item of $1,000 which was barred by the statute of limitations, but he also decided that the plaintiff was entitled to costs and an extra allowance in the partition action, and accordingly gave judgment for $540 and costs. The plaintiff does not appeal. The defendant appeals only from that portion which awards the said $540. The sole question is whether this part of the judgment is right. The ground for the decision of the learned referee is stated in his elaborate opinion as follows:

"But, although I am satisfied that the item of $1,000 claimed against Mrs. Mary A. Wood included the plaintiff's charge for services in the Carrie M. Wood partition action, and that that claim is barred by the statute, yet in view of the order of the court dated February 15, 1902, made in a proceeding to secure a discontinuance of that action, and in which the application was granted 'without prejudice to any claims of plaintiff's attorney for costs, allowance, and compensation for services in respect to the subject-matter, for the determination of which matters alone jurisdiction of this action is to be further retained by the court with like effect as if a judgment had been this day entered instead of a discontinuance,' and I was appointed referee 'to take proof and report the same to the court, with my opinion thereon, as to what amount as costs, allowance, and fees as attorney and counsel said plaintiff's attorney should be awarded,' and of the stipulation entered into on the trial of this action that that proceeding 'be merged in the present action, and that the issues in that proceeding be deemed a part of the issues in. this action,' I think that the plaintiff is entitled to the taxable costs and a reasonable allowance in that action, since he certainly would have been awarded such costs and allowance on the entry at the present time of a judgment such as the court comtemplates."

I do not concur in this view. The purpose of the agreement of February 8, 1902, was but to remove the obstacles in the way of a con-

veyance of the realty and to remit the plaintiff to a fund.  It provided, it is true, that out of such amounts should be paid, first, "all costs, allowances, and compensation which may be awarded to said Valentine in said partition action, or by the court in such action as may be instituted between said Valentine and said Stevens, trustee, to determine the amount thereof."  But I think that the parties did not intend to secure to the plaintiff any thing more than he could establish ·by his evidence.  Indeed, the final clause of the agreement reads:

"Nothing in this instrument shall be considered as an admission by any of the undersigned (excluding said Valentine) as to the validity of the claims of said Valentine or of the amount thereof."

The expression "costs, allowances, and compensation" is a familiar term, commonly used to describe the charge of an' attorney, both as fixed by statute and· also by agreement or by proof upon a quantum meruit.  The order of discontinuance of February 15, 1902, provided that it was made without prejudice to "any claims of plaintiff's attorney for costs, allowance, and compensation for services in respect to the subject-matter."  This provision did not assure, nor purport to assure, to the plaintiff that he was entitled to costs or allowance or compensation.  The order then provided:

"For the determination of which matters alone jurisdiction of this action is to be further retained by the court, with like effect as if a judgment had been this day entered instead of a discontinuance."          ·

It seems to me that this provision was simply to keep the action alive, in order that, notwithstanding the discontinuance, a reference might be had in that action to determine the claim of the plaintiff, whatever it might be.  The discontinuance, in other words, was limited until the claim of the plaintiff for legal services in that action was determined by a reference in that action.  The· expression "with like effect as if a judgment had been this day entered" is to offset the previous general provision for a discontinuance, and did not and was not intended to operate as an adjudication that the plaintiff was entitled to costs and an allowance, irrespective of his right thereto as it might be proved or disproved in the proceedings.  In other words, this provision did not assure the plaintiff costs and allowances absolutely and in any event.  A judgment can be entered without costs and without an allowance, if the parties so provide.          ·

On the trial the plaintiff read in evidence the agreement of December, 1887, whereby, among other matters, the discontinuance of this action was provided for.  A provision therein read:          ·

"Each party is to pay their own costs in all litigations now pending and to be discontinued."

There is no proof whatever that this agreement was ever annuled, rescinded, or modified.  There is no proof that any steps of any kind were ever taken in the action thereafter.  But a formal order was never entered and the lis pendens was never canceled.  But, so far as the fact of discontinuance was concerned, a formal order therefor was not necessary.  Hempy v. Griess, 30 App. Div. 434, 51 N. Y. Supp. 1072. "After an action has been discontinued by a party, it should not be again restored, unless the order was obtained by fraud."  Smith v.

Green, 14 Hun, 529. I think that the court did not intend to, and in fact did not, by the provision as to judgment, restore the action so as to nullify the formal agreement for a discontinuance, but merely inserted the provision that the action might live so far as was necessary to carry the reference therein provided for. Otherwise there would be the anomaly of a reference at the foot of a discontinuance. And I think that upon the record the agreement or stipulation fixed and determined the right of the plaintiff to any costs or allowances in the partition action adversely to him. Such was the view of the plaintiff, for it appears from the record on the appeal from the order in this case (Valentine v. Stevens, 86 App. Div. 481, 83 N. Y. Supp. 775) that the plaintiff, with reference to this very order of the court, deposed:

"It will be seen by reference to said order that it was made without prejudice to the claims of deponent, as attorney, for costs, allowance, and compensation for services. It appearing subsequently that no costs or allowances were to be collected by either party as against the other, the question of costs and allowances (on which deponent would have had a lien only) became entirely superfluous and immaterial, and the question was one only of compensation between deponent and his client, the plaintiff in the partition action."

And the learned plaintiff in his printed points argued to this court that:

"The fact that the referee used the words 'costs and allowances' in connection with the word 'fees' is mere surplusage. * * * It was clear that he intended to decide, and did decide, only how much compensation plaintiff had earned in the partition action. That was all he could decide as to this claim in either action. As the parties to the partition action had stipulated neither should have costs as against the other, there could be no claim of plaintiff to be enforced against defendants in the partition action by lien on the costs, and the word 'compensation' covered the whole matter."

The judgment, so far as appealed from, is reversed, and a new trial is ordered, costs to abide the final award of costs, upon the issue of the right of the plaintiff to receive any costs or allowances for services in the partition suit. All concur.